# Borell's Estate.

*Decedent's estates—Accountants—Surcharge.*

An executor will not be surcharged for loss on the sale of stock where the auditing judge finds that the accountant acted in the matter with common skill, prudence and caution, and properly exercised the discretion given it by the testator.

Argued Jan. 18, 1917. Appeal, No. 226, Jan. T., 1916, by Ralph C. Stewart, Trustee, from decree of O. C. Philadelphia Co., Oct. T., 1913, No. 277, dismissing exceptions to adjudication of third account in the Estate of Henry A. Borell, deceased. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Exceptions to adjudication.

The pertinent facts appear in the adjudication of GUMMEY, J., which was in part as follows:

Henry A. Borell died April 13, 1913, leaving his last will and codicil thereto, duly probated.

Counsel for certain creditors requested the auditing judge to surcharge the accountant upon the several items hereinafter set forth:

(1) For failure to convert securities within one year from grant of letters.

At the time of his death the testator was the owner of 673 shares of the capital stock of the West End Trust Company of the par value of $50 per share; he had assigned 300 of these shares to the Independence Trust

Company, 100 shares to the Centennial National Bank
and 20 shares to the Hamilton Trust Company, to secure
loans, leaving 253 shares which came into the possession
of the West End Trust Company as executor.

On May 1, 1913, as the result of negotiations which
had been pending for some months, the Independence
Trust Company was merged with the West End Trust
Company, which thus acquired as an asset the testator's
obligation to the Independence Trust Company secured
by the 300 shares of stock of the West End Trust Company above referred to, and some other collateral.

The 20 shares held as collateral by the Hamilton
Trust Company were sold during May and June, 1913,
and the proceeds accounted for in the first account; this
left 653 shares which were sold during May, June and
September, 1915, and the proceeds thereof are included
in the present account; the prices realized from the
sales were, it is alleged, less than could have been obtained for the stock if sold within the year following the
grant of letters testamentary and counsel for the creditors, alleging that it was the duty of the accountant to
have sold the stock within one year after the grant of letters testamentary and that if so sold higher prices would
have been obtained, ask the auditing judge to surcharge
the accountant with the difference.

Ordinarily it is the duty of an executor to convert personal property within the year following the grant of
letters testamentary (Merkel's Est., 131 Pa. 584, 612),
and the rule is to be more strictly construed where the
rights of creditors are affected than in cases where the
estate is solvent; but the rule is not an unbending one
(Dauler's Est., 247 Pa. 356) ; if it were, the result would
be to divest an executor of a large part of the discretion
which the testator gave him and would in many instances
impose great hardship upon the residuary legatees, who
have the right to take in kind the securities remaining
after the payment of the testator's debts, the costs of

1917.]        Adjudication—Opinion of the Court.

administration, and any specific or pecuniary legacies given by the will.

In the light of all the testimony the auditing judge is of the opinion that the accountant acted in this matter with common skill, prudence and caution, and properly exercised the discretion given it by the testator, and therefore should not be surcharged, unless a surcharge must result for no other reason than because of the failure to liquidate the stock within the year; for while it was endeavored to show by some of the witnesses that the stock was kept off the market by the officers and directors of the company in order that they might either first sell their own shares or maintain the market price by not offering the shares belonging to the estate, the evidence does not support such a conclusion.

The claim for surcharge is not allowed.

The court in banc dismissed exceptions to the adjudication. Ralph C. Stewart, trustee, a creditor, appealed.

*Errors assigned* were in dismissing exceptions to the adjudication, including an exception to the adjudication refusing the surcharge set forth in the preceding portion of the opinion of the adjudicating judge.

*Charles C. Norris,* of *Hepburn, Dechert & Norris,* with him *James B. Lichtenberger, Charles B. Downs, Christian S. MacCain, Harold B. Beitler* and *Ruby Vale,* for appellant.

*Lewis Lawrence Smith,* for appellee.

PER CURIAM, February 19, 1917:

This appeal is dismissed on the following from the opinion of the adjudicating judge, confirmed by the court in banc, refusing to surcharge the accountant: "In the light of all the testimony the auditing judge is of the opinion that the accountant acted in this matter with common skill, prudence and caution, and properly exer-

cised the discretion given it by the testator, and therefore should not be surcharged."

Appeal dismissed at appellant's costs.